**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| ROBERT BRANTLEY, JR., | : | Case No. 1:24-cv-00052 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| POSTMASTER GENERAL LOUIS DEJOY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

---

### ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 9)

---

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 9). Defendant responded to the Motion (Doc. 11). Plaintiff did not file a reply. Thus, this matter is ripe for review. For the reasons stated below, Plaintiff's Motion for Default Judgment (Doc. 9) is **DENIED**.

### FACTS

Plaintiff Robert Brantley, Jr. has worked for the United States Postal Service (USPS) as a letter carrier since 1985. (Compl., Doc. 1, ¶8.) In 1994, Plaintiff suffered a work-related injury to his lower back, for which he applied and received worker's compensation benefits. (*Id.* ¶9.) He reinjured his lower back in 1995 when his USPS vehicle was struck from behind by another vehicle, which caused him to miss nine months of work. (*Id.* ¶10.) As a result of these injuries and the physical nature of his job, Plaintiff has experienced deterioration of his hips and back, resulting in two hip

replacements and reduced mobility in both his hips and lower spine. (*Id.*) Plaintiff has required time off work to attend doctor's appointments related to these injuries and Defendant, in turn, has requested documented explanation for each time he has taken off work. (*Id.* ¶11-12.) Plaintiff has filed four grievances, challenging Defendant's practice; each grievance was resolved in his favor. (*Id.* ¶12.) Plaintiff, however, alleges that his supervisors at USPS have discriminated against and harassed him after these events because of his age, race, and disability. (*Id.* ¶12.)

**PROCEDURAL POSTURE**

Plaintiff filed his Complaint (Doc. 1) on February 2, 2024. In the Complaint (Doc. 1), Plaintiff alleges Defendant violated: Title VII of the Civil Rights Act of 1965, 42 U.S.C. §2000e, *et seq.*; Section 3(a) of the Age Discrimination in Employment Act, 29 U.S.C. §623(a); and Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2)(a). On May 10, 2024, this Court ordered Plaintiff to show cause as to why he had not perfected service on Defendant (Doc. 3), which prompted Plaintiff to request issuance of a summons on Defendant (Doc. 4). In his Response to the Order (Doc. 6), Plaintiff stated that tracking details of the summons show that it was delivered on April 12, 2024, but that an agent of Defendant did not sign it or return it to the Clerk of Courts. This Court, by notation order, extended Plaintiff's deadline to serve Defendant to July 22, 2024.

On August 2, 2024, Plaintiff moved for default judgment (Doc. 9) against Defendant. On August 5, 2024, Defendant's counsel entered an appearance (Doc. 10), and Defendant filed a Response in Opposition (Doc. 11) to Plaintiff's Motion (Doc. 9.). On August 14, 2024, Plaintiff applied for an entry of default from the Clerk of Courts (Doc.

2

13), to which Defendant responded in opposition (Doc. 14) the same day. On August 19, 2024, summonses were issued to Defendant, in care of the U.S. Attorney for the Southern District of Ohio, and to the U.S. Attorney General (Doc. 15). These summonses were returned as executed for the U.S. Attorney and Attorney General on September 5, 2024, and September 13, 2024, respectively. (*See* Docs. 17, 18.) On October 23, 2024, Defendant moved to dismiss for lack of jurisdiction (Doc. 19).

## LAW

Federal Rule of Civil Procedure 55 governs entries of default and default judgment. A plaintiff seeking entry of default against a defendant must first show, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Upon such showing, the clerk must enter default against the defendant. *Id.* The Court may enter default judgment against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the Court. Fed. R. Civ. P. 55(d).

Federal Rule of Civil Procedure 4 governs summons and service on a party. Fed. R. Civ. P. 4. Rule 4(i) requires that for service on the United States and its agencies, officers, or employees, a party must serve both the United States and the agency. *Id.* at 4(i)(1). To serve the United States, the party must serve a copy of the summons and complaint to the United States Attorney for the district where the action is brought, and to the Attorney General of the United States in Washington, D.C. *Id.* The 60-day deadline to respond to the complaint does not begin running until after service of a copy of the summons and complaint on the U.S. Attorney. Fed. R. Civ. P. 12(a).

## ANALYSIS

Plaintiff moved for default judgment on all three claims against Defendant. (Motion, Doc. 9.) In response, Defendant notes that Plaintiff had failed to obtain an entry of default from the Clerk of Courts before moving for default judgment, pursuant to Federal Rule of Civil Procedure 55(a). (Response, Doc. 11, Pg. ID 36.) Defendant also points out that Plaintiff had yet to properly serve Defendant, as required by Federal Rule of Civil Procedure 4(i). (*Id.*) Plaintiff subsequently applied for an entry of default (Doc. 13). The Clerk has not yet entered default, presumably because Defendant also responded in opposition to Plaintiff's application (Doc. 14). In the Response in Opposition to Plaintiff's Application for Default (Doc. 14), Defendant reiterates the arguments made in opposition to Plaintiff's Motion for Default Judgment. (Response, Doc. 14, Pg. ID 46.) Defendant restates that it does not "stand in default," because Plaintiff had not properly served the U.S. Attorney for the Southern District of Ohio or the U.S. Attorney General, as required by Rule 4(i) of the Federal Rules of Civil Procedure. (*Id.*) Defendant's 60-day window to answer Plaintiff's Complaint had thus not begun running, as Plaintiff had not yet served the U.S. Attorney. (*Id.*)

Defendant is correct. Despite Plaintiff's initial failure to apply for an entry of default, his Motion still fails. He did not properly effect service of process upon Defendant as required by Rule 4(i) before moving for default judgment. *See* Fed. R. Civ. P. 4(i). Defendant is entitled to 60 days from the date of service on the U.S. Attorney to file an Answer or other responsive pleading. Fed. R. Civ. P. 12(a). And, the record reflects that the summons was returned executed as to the U.S. Attorney on September 5, 2024.

4

(Doc. 17.) Defendant's answer was due by October 25, 2024. (*Id.*) On October 23, 2024, within the 60-day window, Defendant filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 19), a responsive pleading. Since Defendant and the other U.S. Government parties have now been properly served, and Defendant has timely responded to the Complaint, it does not stand in default.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. 9) is **DENIED**. The Clerk of Courts **SHALL NOT ENTER** default as requested by Plaintiff (Doc. 13).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND